**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ALCALA-SANCHEZ, | No. 16-71754 |
| Petitioner, | Agency No. A200-827-036 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jorge Alcala-Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing Alcala-Sanchez's appeal from an immigration judge's ("IJ") decision denying Alcala-Sanchez's application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Alcala-Sanchez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (applying case law in which similar social groups were proposed and finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group).

Thus, Alcala-Sanchez's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DENIED.**