**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARMELO HERRERA-HERNANDEZ,
AKA Carmelo Hernandez-Herrera,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   15-73080

Agency No. A095-733-583

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

    Carmelo Herrera-Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing Herrera-Hernandez's appeal from an immigration judge's decision denying Herrera-Hernandez's application for asylum, withholding of removal, and relief under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Herrera-Hernandez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (applying case law in which similar social groups were proposed and finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Thus, Herrera-Hernandez's asylum and withholding of removal claims fail.

Herrera-Hernandez does not challenge the agency's denial of CAT relief, so that issue is waived.

**PETITION FOR REVIEW DENIED.**

15-73080