NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS CARLOS LEYVA LOPEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-71907 Agency No. A205-489-552 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Luis Carlos Leyva Lopez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing Lopez's

appeal from an immigration judge's ("IJ") decision denying Lopez's application

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's determination that Lopez failed to establish extraordinary circumstances or changed conditions to excuse the untimely filing of his asylum application. *See Ramadan v. Gonzales*, 479 F.3d 646, 649 (9th Cir. 2007) (citing 8 U.S.C. § 1158(a)(2)(D)). Thus, Lopez's asylum claim fails.

Substantial evidence also supports the BIA's determination that the indirect threats made against Lopez and Lopez's having been followed while driving in Mexico do not rise to the level of past persecution. *See Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation omitted)).

The BIA did not err in concluding that Lopez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common

2

immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (holding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group).

Substantial evidence supports the agency's conclusion that Lopez otherwise failed to establish a nexus between the harm he fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Lopez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**