NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL BAYARDO-FLORES, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   16-71909 Agency No. A200-827-092 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Raul Bayardo-Flores, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing Bayardo-Flores's

appeal from an immigration judge's ("IJ") decision denying Bayardo-Flores's

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Bayardo-Flores did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (applying case law in which similar social groups were proposed and finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Thus, Bayardo-Flores's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Bayardo-Flores failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Holder*, 644 F.3d

829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED.**