**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK VALENTE PERALTA PAZ, AKA Erick Sanchezsanto,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-71235<br><br>Agency No. A206-408-931<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:     THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Erick Valente Peralta Paz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in finding that Peralta Paz's social group of "Americanized Mexican deportees" was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group).

Peralta Paz also fears harm in Mexico based on his political opinion. Substantial evidence supports the BIA's determination that Peralta Paz failed to

establish a well-founded fear of future persecution in Mexico on account of his political opinion. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-found fear of persecution").

Because Peralta Paz failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Peralta Paz failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (discussing standard for CAT relief).

**PETITION FOR REVIEW DENIED.**