**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERSON EDUARDO PUNAY-HERNANDEZ, AKA Gerson Eduardo Hernandez, AKA Gerson Hernandez Punay, AKA Gerson Eduardo Hernandez-Punay, AKA Gerson Punay, AKA Gerson Eduardo Punay,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　16-73439<br><br>Agency No.<br>A089-956-622<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2019**
Pasadena, California

Before: WARDLAW and LEE, Circuit Judges, and KENNELLY,*** District
Judge.

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Punay-Hernandez's unopposed motion to submit this case on the briefs is granted.

\*\*\*　　The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Gerson Eduardo Punay-Hernandez, a citizen and native of Guatemala, petitions for review of the Board of Immigration Appeal's decision affirming an Immigration Judge's denial of his applications for withholding of removal under the Immigration and Naturalization Act (INA) and relief under the Convention Against Torture (CAT).  We deny the petition.

We "review for substantial evidence factual findings underlying the denial of a withholding or CAT claim."  *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019).  We must affirm the agency's decision "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result."  *Id.*[1]  "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's."  *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018).

Punay-Hernandez sought withholding of removal based on past persecution because of his membership in the social group of "family of gang members."  Substantial evidence supports the agency's conclusion that Punay-Hernandez failed to establish that the mistreatment he experienced in Guatemala was due to his relationship to his gang-member cousins.  He acknowledged that some of those who threatened and robbed him did not know of his cousins' gang affiliation, and

---

[1]      We refer to the IJ and BIA collectively as "the agency."

he did not offer any evidence that his brother and nephew had been murdered because of their relationship to the cousins.

An applicant who has not established past persecution must show a subjectively genuine and objectively reasonable fear of future persecution to be eligible for withholding of removal. *Flores-Vega*, 932 F.3d at 886. Punay-Hernandez claimed fear of future persecution because of his membership in two groups: persons returning to Guatemala after a lengthy stay in the United States and therefore perceived to be wealthy, and those who are relatives of gang members. The agency correctly concluded that the first is not a cognizable social group under the INA. *See, e.g.*, *Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). And substantial evidence supports the agency's conclusion that Punay-Hernandez lacked an objectively reasonable fear of future persecution because of his family ties; his mother and sister still live in the home he left in Guatemala, and neither has been physically harmed by gang members. Thus, the agency did not err in denying Punay-Hernandez's application for withholding of removal.

To qualify for relief under the CAT, Punay-Hernandez had to show that it was "more likely than not" that he would be tortured upon removal to Guatemala. *See* 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the agency's denial of relief based on its findings that the gang mistreatment Punay-Hernandez

3

experienced did not amount to past torture. Punay-Hernandez cited gang threats, harassment, and shootings at his house, but he failed to provide sufficient evidence of suffering or harm to establish torture. *See* 8 C.F.R. § 1208.18(a)(1) (conduct must have inflicted severe physical or mental pain and suffering to constitute torture). He also failed to show that the claimed conduct occurred with government consent or acquiescence. The government's failure to convict the individuals who killed his brother and nephew does not establish that it acquiesced to their murders. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Finally, the agency properly concluded that the country conditions reports Punay-Hernandez submitted were not sufficient to establish a likelihood of future torture, as he did not show how the reports' general statements about gang violence in Guatemala are evidence of any risk of torture specific to him. *See Flores-Vega*, 932 F.3d at 887.

**PETITION FOR REVIEW DENIED.**