NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELI ANDRADE-HURTADO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　17-72010<br><br>Agency No. A205-975-952<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:　　MURGUIA, CHRISTEN, and BADE, Circuit Judges.

　　　Heli Andrade-Hurtado, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v.*

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The record does not compel the conclusion that Andrade-Hurtado established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Andrade-Hurtado's asylum claim fails.

The agency did not err in finding that Andrade-Hurtado failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social

group).  Substantial evidence supports the agency's determination that Andrade-Hurtado otherwise failed to establish that the harm he fears in Mexico would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting a political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner).  Thus, Andrade-Hurtado's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Andrade-Hurtado failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**