NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALVARO SALAZAR-GOMEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-71067

Agency No. A098-222-272

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Alvaro Salazar-Gomez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v.*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in finding that Salazar-Gomez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (concluding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Therefore, Salazar-Gomez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Salazar-Gomez failed to show it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**