**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ISRAEL PONCE-GRANADOS, | No. 20-70557 |
| Petitioner, | Agency No. A200-822-924 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and RESTANI,*** Judge.

Juan Israel Ponce Granados petitions for review of an order of the Board of

Immigration Appeals dismissing his appeal from an immigration judge's denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. Substantial evidence supports the Board's denial of Ponce Granados's asylum application as untimely. An asylum application must be filed within one year of the applicant's arrival in the United States; otherwise, the applicant must demonstrate that an exception to the one-year deadline applies. 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 208.4(a)(2)(i). Ponce Granados arrived in the United States on April 15, 2006 but did not file an asylum application until January 3, 2013. He claims that his fear of deportation and lack of knowledge about his eligibility for asylum constitute extraordinary circumstances justifying the delay. But neither reason qualifies as an extraordinary circumstance that would excuse the untimely filing. *See* 8 C.F.R. § 208.4(a)(5) (providing that extraordinary circumstances may not be "intentionally created by the alien through his or her own . . . inaction"); *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (noting that "ignorance of the one-year filing deadline" did not excuse late filing); *see also Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("As a general rule, ignorance of the law is no excuse . . . .").

2. The Board correctly held that Ponce Granados is ineligible for asylum and withholding of removal because he failed to demonstrate that his proposed

2

particular social groups are cognizable. We review the ultimate question "[w]hether a group constitutes a 'particular social group' . . . de novo," *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019), and the factual determinations underlying that conclusion for substantial evidence, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020).

The group "Salvadoran shopkeepers" or "small shopkeepers" is not cognizable because its members do not share an immutable characteristic. Being a shopkeeper is neither fundamental to Ponce Granados's identity nor a characteristic that he cannot or should not be required to change. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) ("[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity."). We reject Ponce Granados's argument that he need not demonstrate immutability because owning a business is a "voluntary association that has become an innate characteristic." *See id.* at 881.

The group "Salvadorans targeted by gangs" is impermissibly circular. "[A] particular social group must exist independently of the harm asserted." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020). While persecution "may be the catalyst that causes a society to distinguish a group in a meaningful way and consider it distinct," *id.* at 1083 (internal quotation marks omitted), the group proposed by Ponce Granados has no other defining characteristics. To the extent

3

Ponce Granados claims that the group is also defined by his former occupation as a shopkeeper, that simply restates the first proposed group rejected above and, in any event, is not the group he presented to the immigration judge.

3.      Substantial evidence supports the Board's denial of relief under the Convention Against Torture for failure to demonstrate government acquiescence. Ponce Granados relies on generalized country conditions evidence documenting violence, unrest, and corruption, and he points to no specific evidence in the record showing that the Salvadoran government is likely to acquiesce in any future torture. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014).

**PETITION DENIED.**