**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABRAHAM AGUILAR VALDOVINOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-73612

Agency No. A095-795-558

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2021[**]
Pasadena, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Abraham Aguilar Valdovinos, a native and citizen of Mexico, petitions for

review of the Immigration Judge's ("IJ") negative reasonable fear determination.

As the parties are familiar with the facts, we do not recount them here.

To prevail in a reasonable fear review hearing, a non-citizen must

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"establish[ ] a reasonable possibility" of persecution or torture, 8 C.F.R. § 208.31(c), "which has been defined to require a ten percent chance that the non-citizen will be persecuted or tortured if returned to his or her home country." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021). "We review the IJ's determination that the alien did not establish a reasonable fear of persecution or torture for substantial evidence." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). "We review de novo due process challenges to reasonable fear proceedings." *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam). We deny the petition for review.

Substantial evidence supports the IJ's determination that Valdovinos did not have a reasonable fear of persecution. A reasonable factfinder could find that Valdovinos did not have even a ten percent chance of demonstrating that the violence he feared was connected to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *cf. Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (concluding that individuals returning to Mexico who are believed to be wealthy is not a cognizable particular social group). Additionally, a reasonable factfinder could find that Valdovinos could avoid future persecution by relocating within Mexico, away from the region where the local gang operated. *See* 8 C.F.R.

2

§ 1208.16(b)(2)-(3).

Substantial evidence also supports the IJ's determination that Valdovinos did not have a reasonable fear of torture. The record does not show that Valdovinos would face "a particularized threat of torture" at the hands of government officials. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (emphasis, internal quotation marks, and citation omitted). Nor does the record demonstrate that the Mexican government would acquiesce to Valdovinos' torture by local gang members, as the government has previously attempted to control the gang. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). And again, a reasonable factfinder could find that Valdovinos could avoid future torture at the hands of the local gang by relocating within Mexico. *See* 8 C.F.R. § 1208.16(c)(3)(ii).

Finally, the IJ did not deprive Valdovinos of a fair reasonable fear hearing or violate his due process rights. No evidence supports Valdovinos' contention that the IJ required absolute certainty of persecution or torture. Instead, the record supports the conclusion that the IJ applied the correct standard.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Valdovinos' motions for a stay of removal, Dkt. Nos. 1, 6, are denied as moot.