NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSENDO BASILIO ECOMAC-CHAVEZ, | No. 16-71346 |
| Petitioner, | Agency No. A201-241-126 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022**
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and EATON,*** Judge.

Petitioner Rosendo Basilio Ecomac-Chavez, a citizen and national of

Guatemala, petitions for review of a decision by the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International
Trade.

("BIA") affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Ecomac-Chavez challenges the BIA's determination that he is not entitled to withholding of removal. "To secure withholding of removal, a petitioner must demonstrate that his 'life . . . would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (as amended) (citing 8 U.S.C. § 1231(b)(3)(A)). The IJ and BIA found that Ecomac-Chavez established past persecution based on the childhood abuse from his father in Guatemala, which created a presumption that he would suffer future harm on the same basis. 8 C.F.R. § 1208.16(b)(1)(i). But this presumption may be rebutted if, in relevant part, the government shows by a preponderance of the evidence "a fundamental change in circumstances such that the applicant's life or freedom would not be threatened" upon removal. *Id.* § 1208.16(b)(1)(i)(A). To show a fundamental change in circumstances, the government must "introduce evidence that, on an individualized basis, rebuts a particular applicant's specific grounds for his well-founded fear of future persecution." *Popova v. I.N.S.*, 273 F.3d 1251, 1259 (9th Cir. 2001) (internal citations and quotations omitted). This

"individualized analysis" must be "tailored to an asylum applicant's particular situation." *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010).

The government showed fundamentally changed personal circumstances here. Ecomac-Chavez is no longer a child, and according to his testimony, his relationship with his father has changed such that he is not sure his father will threaten or harm him again. The agency's findings were supported by substantial evidence. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014).[1]

2. Substantial evidence also supports the BIA and IJ's findings that Ecomac-Chavez is ineligible for CAT relief. "[T]orture is more severe than persecution and the standard of proof for [a] CAT claim is higher than the standard of proof for an asylum claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005); *see* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."). Because

---

[1] Contrary to Ecomac-Chavez's suggestion, the government need not show that Guatemala's country conditions have changed as well. We have held that generalized country conditions *alone* may not be sufficient for the "individualized analysis" of the applicant's situation when they are not germane to the persecution the applicant faces. *Kamalyan*, 620 F.3d at 1057-58. It does not follow that country conditions reports are *required* to show the applicant's changed individual circumstances when the IJ has the applicant's credible testimony to rely on instead. The country conditions reports here indicate that women and children are at higher risk of domestic violence in Guatemala, but they do not speak to Ecomac-Chavez's individualized threat from his father as an adult male.

Ecomac-Chavez failed to show a likelihood of future persecution, he cannot meet the higher threshold of showing future torture on the same facts. Nor would Ecomac-Chavez's claims rise to the level of past torture under the CAT. *See, e.g., Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079-80 (9th Cir. 2015); *Ahmed v. Keisler*, 504 F.3d 1183, 1200-01 (9th Cir. 2007); *Kumar v. Gonzales*, 444 F.3d 1043, 1051-52, 1055-56 (9th Cir. 2006) (as amended); *Nuru*, 404 F.3d at 1218; *Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005).

3.      Finally, the BIA properly declined to remand for consideration of humanitarian asylum relief. An applicant is not eligible for humanitarian asylum if they are "barred from a grant of asylum" under one of the mandatory denials listed in 8 C.F.R. § 1208.13(c), including the one-year time limit for filing an asylum application after the date the applicant arrives in the United States. 8 C.F.R. § 1208.13(b)(1)(iii); *see* 8 U.S.C. § 1158(a)(2)(B). The IJ dismissed Ecomac-Chavez's application for asylum as untimely and Ecomac-Chavez did not appeal or challenge this ruling before the BIA or try to do so here. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (stating that if a petitioner fails to raise an issue before the BIA it cannot be raised on appeal).

As a result, the BIA correctly found Ecomac-Chavez ineligible for humanitarian asylum based on his untimely asylum application.

**PETITION DENIED.**