FILED

DEC 5 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SOFIO ARTURO SORTO-RODRIGUEZ; JOSE ARTURO SORTO FUNES, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72386 <br><br> Agency Nos.     A070-085-489 <br>                  A098-435-687 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Sofio Arturo Sorto-Rodriguez and Jose Arturo Sorto Funes, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal of the denial of their applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Contrary to the government's contention, we have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Annachamy v. Holder*, 733 F.3d 254, 258 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand.

We treat petitioners' motion to supplement as a motion for judicial notice, and we grant the motion. We reject petitioners' claims for equitable estoppel because they did not show affirmative misconduct by the government. *See Morgan v. Gonzales*, 495 F.3d 1084, 1092 & n.3 (9th Cir. 2007) (rejecting equitable estoppel claim based on agency's delay in seeking alien's removal where there was no apparent reason for the delay except neglect).

Petitioners do not make any arguments regarding CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to their CAT claims.

In denying petitioners' asylum and withholding of removal claims, the agency found petitioners failed to establish a nexus to a protected ground. When the immigration judge and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013),

and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand petitioners' asylum and withholding of removal claims to determine the impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).  In light of this remand, we do not reach petitioners' remaining challenges to the agency's denial of their asylum and withholding of removal claims at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**