NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE GUADALUPE MORENO RAMIREZ, <br><br>                 Petitioner, <br><br>    v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>                 Respondent. | No.    15-72144 <br><br> Agency No. A035-834-241 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022[**]
Pasadena, California

Before: BERZON, TALLMAN, and FRIEDLAND, Circuit Judges.

Jorge Guadalupe Moreno Ramirez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

immigration judge's order denying his applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.      Our court has already upheld the BIA's denial of Moreno's application for CAT protection, *see Ramirez v. Holder*, 586 F. App'x 272 (9th Cir. 2014) (unpublished), and, therefore, he is foreclosed from relitigating this issue, *see In re Duncan*, 713 F.2d 538, 541 (9th Cir. 1983). Moreover, as we previously held, substantial evidence supports the BIA's determination that Moreno is not eligible for CAT protection because he failed to establish that it is more likely than not that he will be tortured by, or with the consent or acquiescence of, the Mexican government. *See Ramirez*, 586 F. App'x at 272 (citing *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008)).

2.      Substantial evidence supports the BIA's determination that Moreno cannot demonstrate a well-founded fear of persecution on account of his family ties. Although Moreno asserts that his uncle, Telesforo Ramirez, was shot by gang members trying to send "a message" to his other uncle, Valentin Ramirez, who works as an undercover police officer in Mexico, Moreno only speculates as to whether the shooting was based on Telesforo's family ties to Valentin. Further, this event occurred over twenty-four years ago, Valentin and his family continue to reside in Mexico without harm, and Moreno has since voluntarily visited the same town where Telesforo was shot without harm.

**3.** The BIA did not err in determining that Moreno's proposed social group of "previous U.S. residents" is not cognizable within the meaning of 8 U.S.C. § 1101(a)(42). First, this proposed group lacks the requisite particularity because it is not clear how long an individual must reside in the United States to be considered a "previous U.S. resident," or how long after returning to Mexico an individual would still be considered part of this group. Additionally, this group may include people of all ages who are returning for various reasons. Thus, the proposed group lacks "delimitable boundaries." *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1090–91 (9th Cir. 2013) (en banc). Moreno has not presented evidence that compels a contrary conclusion, and we have rejected similarly construed groups as being defined too broadly. *See, e.g.*, *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019). Second, substantial evidence supports the BIA's finding that this proposed group lacks the requisite social distinction because Moreno did not cite to any record evidence that supports, much less compels, the finding that this group is perceived by Mexican society as socially distinct. *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 217–18 (BIA 2014).

**PETITION FOR REVIEW DENIED.**