**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO AGUIRRE BARBOSA, *Petitioner*, | No. 15-72092 |
| | Agency No. A095-808-775 |
| v. | |
| WILLIAM P. BARR, Attorney General, *Respondent*. | ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2019
Portland, Oregon

Filed March 28, 2019
Amended June 6, 2019

Before: Susan P. Graber and Marsha S. Berzon, Circuit
Judges, and John R. Tunheim,[*] Chief District Judge.

Order;
Opinion by Judge Graber;
Concurrence by Judge Berzon

---

[*] The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

## SUMMARY[**]

### Immigration

The panel filed: (1) an order denying Respondent's motion to depublish and granting the motion to amend the opinion filed on March 28, 2019, and appearing at 919 F.3d 1169; and (2) an amended opinion.

In the amended opinion, the panel granted in part and denied in part Pedro Aguirre Barbosa's petition for review of a decision of the Board of Immigration Appeals, and held that robbery in the third degree in violation of Oregon Revised Statutes section 164.395 is not categorically a crime involving moral turpitude.

In concluding that Petitioner's robbery conviction under section 164.395 was not categorically a crime involving moral turpitude that made him statutorily ineligible for cancellation of removal, the panel explained that section 164.395 encompasses the unauthorized use of a vehicle, which does not include as an essential element an intent to deprive the owner of his or her property permanently. The panel noted that, under longstanding BIA precedent, a theft offense was not categorically a crime involving moral turpitude if the statute criminalized a taking with intent to deprive an owner of his property only temporarily, but that the BIA had recently adopted a more expansive standard. However, the panel explained that the new standard did not apply retroactively to Petitioner's case because he pleaded no

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

contest to the relevant charges before the BIA changed its interpretation.

The panel also held that, although robbery under section 164.395 involves a taking of property and the threatened or actual use of force, the minimal force required for conviction is insufficient to label the offense a crime involving moral turpitude.

The panel noted that it would ordinarily proceed to deciding whether the statute is divisible, but the panel deemed the issue waived because the government did not argue that section 164.395 is divisible. The panel remanded the matter to the BIA to consider the merits of Petitioner's request for cancellation of removal.

The panel denied the petition as to Petitioner's withholding of removal claim, concluding that Petitioner's proposed particular social group – individuals returning to Mexico who are believed to be wealthy – is too broad to qualify as a particular social group under this court's precedent.

Concurring, Judge Berzon wrote separately to join the chorus of voices calling for renewed consideration as to whether the phrase "crime involving moral turpitude" is unconstitutionally vague.

## COUNSEL

Nadia H. Dahab (argued), Stoll Stoll Berne Lokting & Schlachter P.C., Portland, Oregon, for Petitioner.

Imran Raza Zaidi (argued), Trial Attorney; Claire L. Workman, Senior Litigation Counsel; John W. Blakeley, Assistant Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## ORDER

Respondent's motion to depublish is **DENIED**, and the motion to amend the opinion is **GRANTED**. The opinion filed on March 28, 2019, and appearing at 919 F.3d 1169, is amended by the opinion filed concurrently with this order as follows:

On slip opinion page 9, second paragraph, lines 4–6, the sentence beginning with "Because Petitioner" is amended to read as follows: "Because Petitioner pleaded no contest to the relevant charge before the BIA changed its interpretation, the new standard does not apply retroactively to his case."

No further petitions for panel rehearing or rehearing en banc will be entertained.

**OPINION**

GRABER, Circuit Judge:

Petitioner Pedro Aguirre Barbosa, a Mexican citizen, was convicted of robbery in the third degree in violation of Oregon Revised Statutes section 164.395. An immigration judge ("IJ") denied relief from removal, and the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. As relevant here, the BIA held that section 164.395 categorically constitutes a crime involving moral turpitude ("CIMT") and that Petitioner had failed to prove membership in a "particular social group" for the purpose of establishing refugee status.

We hold that section 164.395 is not categorically a CIMT, but we agree that Petitioner did not demonstrate membership in a "particular social group." Accordingly, we grant the petition for review in part, deny it in part, and remand to the BIA for further proceedings consistent with this decision.

Sometime between 1997 and 1999, Petitioner entered the United States. In 2008, he was charged with, and pleaded no contest to, a violation of Oregon Revised Statutes section 164.395, which provides:

> (1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135[1] the person uses or threatens

---

[1] Oregon Revised Statutes section 164.135 defines unauthorized use of a vehicle.

the immediate use of physical force upon another person with the intent of:

(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

(2) Robbery in the third degree is a Class C felony.

In 2010, the government served Petitioner with a notice to appear. Petitioner conceded removability and applied for cancellation of removal, withholding of removal, and other forms of relief.

An IJ denied all of Petitioner's claims. The BIA affirmed the IJ's decision. The BIA held, among other things, that section 164.395 constitutes a categorical CIMT and that Petitioner is therefore statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b. Additionally, the BIA held that Petitioner failed to establish membership in a "particular social group," so he was not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3)(A). Petitioner then filed this timely petition for review.

A. *Section 164.395 and Crimes Involving Moral Turpitude*

To determine whether section 164.395 is a CIMT, we follow the three-step process mandated by *Descamps v. United States*, 570 U.S. 254 (2013):

> At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as [a CIMT]. When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense." Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating.

*Almanza-Arenas v. Lynch*, 815 F.3d 469, 475 (9th Cir. 2016) (en banc) (quoting *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015)).

### 1. *Step One: Categorical Approach*

To determine whether a state criminal statute is categorically a CIMT, we use a two-step process. *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013). First, we "identify the elements of the statute of conviction." *Id.* Because "the BIA has no special expertise by virtue of its statutory responsibilities in construing state or federal criminal statutes," we review this step de novo. *Id.* (internal quotation marks and brackets omitted). Second, we "compare the elements of the statute of conviction to the generic definition of a [CIMT] and decide whether the conviction meets that definition." *Id.* "The BIA's conclusion that a particular crime does or does not involve moral turpitude is subject to different standards of review depending on whether the BIA issues or relies on a published decision in coming to its conclusion." *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010). Here, the BIA neither issued nor relied on its own published decision. Therefore, "we defer to its conclusion to the extent that it has the 'power to persuade.'" *Id.* (quoting *Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc)).

The question at this step is "not whether *some* of the conduct prohibited by the statute is morally turpitudinous, but rather whether *all* of the conduct prohibited by the statute is morally turpitudinous." *Morales-Garcia v. Holder*, 567 F.3d 1058, 1062 (9th Cir. 2009) (internal quotation marks and brackets omitted). The Immigration and Nationality Act ("INA") does not define the term "moral turpitude" or detail

particular crimes involving moral turpitude. *Mendoza v. Holder*, 623 F.3d 1299, 1302 (9th Cir. 2010). We have noted that "'moral turpitude' is perhaps the quintessential example of an ambiguous phrase." *Marmolejo-Campos*, 558 F.3d at 909. Despite that ambiguity, there is agreement that "moral turpitude" generally inheres in offenses involving fraud or those that are inherently "base, vile, or depraved—if they offend society's most fundamental values, or shock society's conscience." *Mendoza*, 623 F.3d at 1302; *see, e.g.*, *In re Flores*, 17 I. & N. Dec. 225, 227–28 (B.I.A. 1980). "These two categories, however, are not exhaustive." *Rivera v. Lynch*, 816 F.3d 1064, 1074 (9th Cir. 2016) (providing common law perjury as an example of a CIMT that "does not fit neatly into the two-part framework").

"Absent consistent or logical rules to follow as we determine whether a crime (other than one involving fraud) involves moral turpitude, our most useful guidance often comes from comparing the crime with others that we have previously deemed morally turpitudinous." *Nunez*, 594 F.3d at 1131. When analyzing robbery offenses, we have compared robbery offenses to theft offenses, many of which involve moral turpitude. *See Mendoza*, 623 F.3d at 1303–04 ("The BIA's determination that robbery is a CIMT is also a logical outgrowth of its holding that theft offenses are CIMTs."). Here, the BIA held that section 164.395 "describes an offense that is committed by a defendant who employs the use or threatened use of physical force with the intent to commit the theft or unauthorized use of a vehicle." The decision cites *Mendoza*, 623 F.3d at 1303–04, which analogized robbery to theft and applied that comparison to hold that California's robbery statute is categorically a CIMT.

But Oregon Revised Statutes section 164.395 is materially broader than the California robbery statute at issue in *Mendoza*. Specifically, section 164.395 encompasses the unauthorized use of a vehicle, which does not include as an essential element an intent to deprive the owner of his or her property *permanently*. *See State v. Pusztai*, 348 P.3d 241, 243–44 (Or. Ct. App. 2015) (holding that unauthorized use of a vehicle under section 164.135 requires knowing use of the vehicle but does not require an intent to deprive the owner of the vehicle permanently). Under longstanding BIA precedent, "a theft offense [was] not categorically a crime of moral turpitude if the statute of conviction is broad enough to criminalize a taking with intent to deprive the owner of his property only temporarily." *Almanza-Arenas*, 815 F.3d at 476 (quoting *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1159 (9th Cir. 2009)).

We recognize that the BIA recently adopted a more expansive standard for determining whether a theft offense constitutes a CIMT. *See In re Diaz-Lizarraga*, 26 I. & N. Dec. 847, 854–55 (B.I.A. 2016). Because Petitioner pleaded no contest to the relevant charge before the BIA changed its interpretation, the new standard does not apply retroactively to his case. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1296 (9th Cir. 2018). Accordingly, under the theft framework for a CIMT applicable to Petitioner, section 164.395 is *not* a categorical CIMT.[2]

---

[2] By contrast, permanent deprivation is not a required element when considering whether a theft offense is an aggravated felony under INA § 101(a)(43)(G). *Ngaeth v. Mukasey*, 545 F.3d 796, 800–01 (9th Cir. 2008) (per curiam).

Robbery includes the additional factor of actual or threatened violence. *State v. Hamilton*, 233 P.3d 432, 436 (Or. 2010). But it is clear that a conviction under section 164.395 requires only minimal physical force. *See, e.g.*, *State v. Johnson*, 168 P.3d 312, 314–15 (Or. Ct. App. 2007) (holding that sufficient evidence supported a conviction under section 164.395 even though the victim only "felt that she was losing her purse"). "Non-fraudulent CIMTs almost always involve an intent to harm someone, " *Mtoched v. Lynch*, 786 F.3d 1210, 1216 (9th Cir. 2015) (internal quotation marks omitted), or an "intent to injure, actual injury, or a protected class of victim," *Turijan v. Holder*, 744 F.3d 617, 619 (9th Cir. 2014); *Castrijon-Garcia*, 704 F.3d at 1213. Because section 164.395 requires only minimal physical force, the statute does not meet the level of force required to be a CIMT. Therefore, we hold that, although robbery under section 164.395 involves a taking of property and the threatened or actual use of force, the minimal force required for conviction is insufficient to label the crime a CIMT.

### 2. *Step Two: Divisibility*

After determining that section 164.395 is not categorically a CIMT, we ordinarily proceed to step two, that is, deciding whether the statute is divisible or indivisible. *Almanza-Arenas*, 815 F.3d at 476–77. The government argues that we should remand this case to the BIA to address the question of divisibility. We disagree. "We owe no deference to the decision of the BIA on [divisibility] and there is no reason to remand for the BIA to decide the issue of divisibility in the first instance." *Sandoval v. Sessions*, 866 F.3d 986, 993 (9th Cir. 2017).

On the merits of the divisibility inquiry, the government did not argue to us that section 164.395 is divisible. We therefore deem the issue waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (holding that issues not raised in the opening brief are waived).

Having held that Petitioner's conviction is not for a CIMT, we remand this matter to the BIA to consider on the merits Petitioner's request for cancellation of removal.

B.  *"Particular Social Group" Determination*

To secure withholding of removal, a petitioner must demonstrate that his "life . . . would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Petitioner argues that the BIA legally and constitutionally erred, because it did not provide a reasoned explanation for rejecting his argument that individuals "returning to Mexico [from] the United States [who] are believed to be wealthy" constitute a "particular social group" within the meaning of the INA. Whether a group constitutes a "particular social group" under the INA is a question of law that we review de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

The BIA's decision cited *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam), in which we held that the proposed social group, "'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group." And we have clearly held that "imputed wealthy Americans" are not a discrete class of persons recognized as a particular social group. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). We

conclude that Petitioner's proposed particular social group, like the groups in *Delgado-Ortiz* and *Ramirez*, is too broad to qualify as a cognizable "particular social group." Accordingly, we deny the petition as to Petitioner's particular social group.

**Petition GRANTED in part and DENIED in part; REMANDED with instructions.** Costs on appeal awarded to Petitioner.

BERZON, Circuit Judge, concurring:

I concur in the majority opinion in full. I write separately to join the chorus of voices calling for renewed consideration as to whether the phrase "crime involving moral turpitude" is unconstitutionally vague.

As Judge Fletcher recently noted, "[d]espite many years of trying, courts and administrators have not been able to establish coherent criteria" for determining whether an offense constitutes a crime involving moral turpitude. *Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1258 (9th Cir. 2019) (Fletcher, J., concurring). Earlier, I made a similar observation myself. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 922 (9th Cir. 2009) (en banc) (Berzon, J., dissenting) ("[I]t is hard to say that any articulable principle distinguishes the offenses that are CIMTs from those that are not.").

Judge Fletcher and I are not the first to make these observations, and I am confident that we will not be the last. *See, e.g.*, *Arias v. Lynch*, 834 F.3d 823, 830 (7th Cir. 2016)

(Posner, J., concurring) ("It is preposterous that that stale, antiquated, and, worse, meaningless phrase should continue to be a part of American law."); *Marciano v. INS*, 450 F.2d 1022, 1026 n.1 (8th Cir. 1971) (Eisele, J., dissenting) ("[T]hat the phrase 'crime involving moral turpitude' is unconstitutionally vague and violates the due process clause . . . seems manifest by the variety and inconsistency of the various opinions attempting to deal with the phrase."); *Jordan v. De George*, 341 U.S. 223, 232 (1951) (Jackson, J., dissenting) ("[T]he phrase 'crime involving moral turpitude' . . . has no sufficiently definite meaning to be a constitutional standard for deportation."); *see also* Jennifer Lee Koh, *Crimmigration and the Void for Vagueness Doctrine*, 2016 Wis. L. Rev. 1127, 1177–79; Lindsay M. Kornegay & Evan Tsen Lee, *Why Deporting Immigrants for "Crimes Involving Moral Turpitude" Is Now Unconstitutional*, 13 Duke J. Const. L. & Pub. Pol'y 47, 48–49 (2017).

The Supreme Court has recognized that "the failure of 'persistent efforts . . . to establish a standard' can provide evidence of vagueness." *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015) (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91 (1921)). This case provides yet another example. Under longstanding Board of Immigration Appeals (BIA) precedent, a theft statute does not constitute a crime involving moral turpitude if the statute criminalizes temporary takings. *See, e.g.*, *Matter of H-*, 2 I. & N. Dec. 864, 865 (B.I.A. 1947); *see also Almanza-Arenas v. Lynch*, 815 F.3d 469, 476 (9th Cir. 2016) (en banc). The primary opinion holds that, because third-degree robbery under section 164.395 of the Oregon Revised Statutes covers temporary takings, it does not constitute a conviction for a crime involving moral turpitude. But an immigrant who faces deportation today may well face a different result; in 2016,

the BIA departed from this decades-old interpretation. *See Matter of Diaz-Lizarraga*, 26 I. & N. Dec. 847, 855 (B.I.A. 2016); *see also Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1296 (9th Cir. 2018).

Recognizing that "'moral turpitude' is perhaps the quintessential example of an ambiguous phrase," we have attempted to resolve these cases on a case-by-case basis. *Marmolejo-Campos*, 558 F.3d at 909. "Absent consistent or logical rules to follow as we determine whether a crime . . . involves moral turpitude, our most useful guidance often comes from comparing the crime with others that we have previously deemed morally turpitudinous." *Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2010). This approach has been, as Judge Fletcher stated, a "failed enterprise." *Islas-Veloz*, 914 F.3d at 1261 (Fletcher, J., concurring). We should instead recognize that, "[a]bsent consistent or logical rules," *Nunez*, 594 F.3d at 1131, the phrase "crime involving moral turpitude" is unconstitutionally vague.

I recognize that history is not on our side. The term "crime involving moral turpitude" has persisted in our immigration law since 1891, and in our common law tradition for nearly a century longer. *See* Julia Ann Simon-Kerr, *Moral Turpitude*, 2012 Utah L. Rev. 1001, 1010, 1039. Indeed, in holding in 1951 that the term was not void for vagueness, the Supreme Court thought it "significant that the phrase has been part of the immigration laws for more than sixty years." *De George*, 341 U.S. at 229; *see also Martinez-de Ryan v. Whitaker*, 909 F.3d 247, 252 (9th Cir. 2018). Committed to the principle of stare decisis, we judges are loath to upset long-settled doctrine. As the Supreme Court has recognized, however, "*stare decisis* does not matter for its own sake. It matters because it 'promotes the evenhanded, predictable, and

consistent development of legal principles.'" *Johnson*, 135 S. Ct. at 2563 (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)).

In *Johnson*, the Court recognized that "[d]ecisions under the residual clause have proved to be anything but evenhanded, predictable, or consistent." *Id.* The same is true of our tortured attempts to find logical consistency in the term "moral turpitude." Especially given the revitalization of the void-for-vagueness doctrine in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the time is ripe for reconsideration of this issue.