**NOT FOR PUBLICATION**

# FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ANTONIO MADRIGAL-CAMACHO, AKA Moises Cisnero-Garcia,<br><br>              Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.   15-72019<br><br>Agency No. A077-299-714<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Antonio Madrigal Camacho, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252 and we deny in part and dismiss in

part the petition.

Whether a group constitutes a "particular social group" is a question of law

that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but

we defer to the BIA's interpretation of governing statutes and regulations,

*Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for

substantial evidence the agency's factual findings. *See Silva-Pereira v. Lynch*, 827

F.3d 1176, 1184 (9th Cir. 2016).

The BIA did not err in finding that Madrigal Camacho has not established

membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125,

1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-

V-*, 26 I & N Dec. 227, 237 (BIA 2014)). Madrigal Camacho has not established

that persons returning to Mexico from the United States who are believed to be

wealthy would be perceived by society as a particular social group. *See Barbosa v.

Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (finding that individuals returning to

Mexico from the United States who are believed to be wealthy does not constitute

a particular social group). Madrigal Camacho's contentions that he belongs to two

other particular social groups were never presented to the agency and are therefore

unexhausted.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (courts lack jurisdiction to review claims not presented to the agency).  Finally, Madrigal Camacho has not established that he would be persecuted on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Madrigal Camacho's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief.  The record does not compel the conclusion that Madrigal Camacho is "more likely than not" to be tortured by or with the consent or acquiescence of the government if he returns to Mexico.  *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).  Thus, Madrigal Camacho's CAT claim also fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**