**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ABRAHAM ALVARADO-FAVELA,<br><br>            Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.   16-72374<br><br>Agency No. A095-662-816<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, McKEOWN and HAWKINS, Circuit Judges.

Francisco Abraham Alvarado-Favela, a native and citizen of Mexico,

petitions for review of the Board of Immigrations Appeals' (BIA) order dismissing

his appeal from an immigration judge's (IJ) decision denying his applications for

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in its conclusion that Alvarado-Favela failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States

2

who are believed to be wealthy does not constitute a particular social group).

Thus, Alvarado-Favela's asylum and withholding of removal claims fail.[1]

Substantial evidence supports the BIA's determination that Alvarado-Favela did not establish that he is more likely than not to be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian v. Holder,* 755 F.3d 1026, 1033 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief). Thus, Alvarado-Favela's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

---

[1] Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).