**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALIRIO ACOSTA-FLORES, | No.    20-70724 |
| Petitioner, | Agency No. A206-149-728 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
San Francisco, California

Before:  HAWKINS and MILLER, Circuit Judges, and RESTANI,*** Judge.

Jose Alirio Acosta Flores, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals affirming an immigration

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

judge's denial of withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Acosta Flores challenges the Board's conclusion that his proposed particular social group of "witnesses of a crime who attempt to assist in the prosecution of a criminal organization that collaborated with [the] Mexic[an] government" is not cognizable because it lacks particularity. Whether a particular social group is cognizable "is a question of law that we review de novo." *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019).

We agree with the Board: Acosta Flores's group is amorphous and lacks definable boundaries. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam) (group of "witnesses who . . . could testify against gang members based upon what they witnessed" lacks particularity (ellipsis in original)). As the immigration judge explained, the lack of specificity in "[t]he level of assistance, the level of attempting to assist, and the degree of collaboration that the criminal organization must have with the Mexican government in order to be recognized by the society in Mexico" makes the boundaries of Acosta Flores's group uncertain.

To be sure, we have held that a group consisting of persons who have testified against gang members is particular. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). But whether a person has testified against a

2

gang member "can be easily verified—and thus delimited—through court records documenting group members' testimony." *Id.* That is not necessarily true of less formal "assistance" or "attempt[s] to assist" in government prosecution. Because Acosta Flores "has not provided sufficient evidence that the society in question would be able to delineate who belongs in the group, and who does not," we agree with the Board that his proposed group lacks particularity.

**PETITION DENIED.**