NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RAZO-MARTINEZ, AKA Jose Martinez Razo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-73857 <br><br> Agency No. A200-242-866 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022**
Pasadena, California

Before: BERZON, TALLMAN, and FRIEDLAND, Circuit Judges.

Jose Razo-Martinez ("Petitioner"), a native and citizen of Mexico, petitions

for review from a decision of the Board of Immigration Appeals ("BIA")

upholding the immigration judge's ("IJ") denial of his claims for withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioner argues that he will be persecuted in Mexico as an adult male who is returning there after spending a long period of time in the United States. He argues that his status as a recent "deportee" will lead the drug cartels either to target him for kidnapping, extortion, and ransom or to suspect that he is a rival cartel member or an informant, and he fears that drug cartels will harm him as a result. The BIA rejected this proposed particular social group as not cognizable within the meaning of 8 U.S.C. § 1101(a)(42), holding that it fails the requirements of particularity and social distinction. Petitioner's evidence does not compel the contrary conclusion that his proposed group is discrete and has definable boundaries, nor that Mexican society perceives Mexicans returning after a lengthy stay in the United States as a distinct group. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) ("returning Mexicans from the United States" is "too broad to qualify as a cognizable social group" (quoting *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010))); *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214–17 (BIA 2014).

Petitioner also asserts that he will be persecuted in Mexico based on his familial relationship to his two brothers, one a former police officer and the other a member of the military. He argues that he will be targeted because his brothers

refused to join or cooperate with the drug cartels. The BIA rejected this claim, reasoning that Petitioner "provided no particularized evidentiary support for these beliefs other than his own speculation, and did not sufficiently explain how these beliefs would support his withholding of removal claim." The BIA's conclusion was supported by substantial evidence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."). Petitioner submitted highly general evidence of violence perpetrated by drug cartels and corrupt law enforcement officers, but this evidence does not compel the conclusion that Petitioner is more likely than not to suffer persecution in Mexico, nor that any harm he suffered would be on account of his familial relationship with non-corrupt law enforcement officers.

Substantial evidence also supports the agency's determination that Petitioner is not eligible for CAT relief because Petitioner failed to show it is more likely than not that he will be tortured if he returns to Mexico. *See Delgado-Ortiz*, 600 F.3d at 1152 (holding that "generalized evidence of violence and crime in Mexico [that was] not particular to Petitioners [was] insufficient to meet [the CAT] standard").

**PETITION DENIED.**