NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONACIANO MEDELLIN-DELGADO, | No. 15-73188 |
| Petitioner, | Agency No. A094-957-863 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2021
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,*** District
Judge.

The Board of Immigration Appeals (BIA) denied Petitioner Donaciano
Medellin-Delgado's application for cancellation of removal concluding that his
California forgery conviction is a crime involving moral turpitude that disqualifies

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\* The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

him for relief. Medellin-Delgado seeks review arguing that intent to defraud was not a required element of his forgery conviction, meaning that his conviction is not a categorical crime involving moral turpitude. Alternatively, he urges us to sua sponte call this case en banc to overturn *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081 (9th Cir. 2021), which forecloses his argument that the 2015 retroactive amendment to California Penal Code § 18.5 makes his conviction punishable by less than one year for purposes of the application of 8 U.S.C. § 1229b(b)(1)(C).

We review questions of law, including whether a crime involves moral turpitude, de novo, *see Barbosa v. Barr*, 926 F.3d 1053, 1057 (9th Cir. 2019), and we deny Medellin-Delgado's petition for review. We also decline his invitation to sua sponte call this case en banc.

1. ***Crime Involving Moral Turpitude.*** An alien who has been convicted of a crime involving moral turpitude that is punishable by one year or more of imprisonment is ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(C). We apply the categorical approach to determine whether a crime involves moral turpitude by "identify[ing] the elements of the statute of conviction" and "compar[ing] [them] to the generic definition of a crime involving moral turpitude [to] decide whether the conviction meets that definition." *Barbosa*, 926 F.3d at 1057 (quotation marks and citation omitted) (third alteration in original); *see also Descamps v. United States*, 570 U.S. 254, 257 (2013).

2

As we explained in our contemporaneous opinion in *Vasquez-Borjas v. Garland*, __ F.4th __ (9th Cir. 2022), California law forecloses the argument that intent to defraud is not an element of a California Penal Code § 472 (Section 472) conviction based on possession. In *People v. Castellanos*, the California Court of Appeal held that Section 472 requires an intent to defraud and that possession of a forged document "affords an inference" that the possessor of the forged document intended to deceive someone. 110 Cal. App. 4th 1489, 1493–94 (2003). The applicable California pattern jury instructions also direct that all convictions under Section 472 require proof of intent to defraud. CALJIC 15.00; CALCRIM No. 1926. Crimes "involving fraud" also involve moral turpitude, *see Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012), and we have held that fraudulent intent is an element of the generic definition of forgery, *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). Accordingly, the BIA was correct that Medellin-Delgado's forgery conviction was for a crime involving moral turpitude.

**2. *Velasquez-Rios v. Wilkinson.*** Medellin-Delgado concedes that our decision in *Velasquez-Rios* forecloses his argument that his conviction no longer makes him ineligible for cancellation of removal because a retroactive change to California law made his conviction punishable by less than a year. *See* 8 U.S.C. § 1229b(b)(1)(C). But he argues that we should sua sponte call this case en banc to overturn *Velasquez-Rios*. A petition for rehearing en banc was filed in *Velasquez-*

3

*Rios* and circulated to the full court and "no judge . . . requested a vote on whether to rehear the matter." 988 F.3d at 1083. We, therefore, can infer that the court does not believe that en banc reconsideration of *Velasquez-Rios* is warranted, and we decline Medellin-Delgado's invitation to revisit the issue sua sponte.

**PETITION FOR REVIEW DENIED.**