**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCO DIAZ-ARROYO,

 Petitioner,

 v.

MERRICK B. GARLAND, Attorney
General,

 Respondent.

No.   21-70900

Agency No. A087-456-055

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022<sup>**</sup>
Portland, Oregon

Before:  SCHROEDER and SANCHEZ, Circuit Judges, and ANTOON,<sup>***</sup> District
Judge.

---



*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Mr. Marco Diaz-Arroyo, a citizen of Mexico, petitions this Court for review of the denial of his asylum, withholding of removal, and Convention Against Torture ("CAT") claims based on the Immigration Judge's ("IJ") negative reasonable fear determination.

As the IJ correctly determined, Mr. Diaz-Arroyo's fear that he would be targeted by a cartel based on the assumption that he has money upon returning from the United States is not a protected ground for asylum-based relief. *See Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

Mr. Diaz-Arroyo additionally argues that his fear of future persecution is connected to his membership in two other particular social groups—those who are targeted for violence by gangs or cartels, and his family, who he claims were specifically targeted by a cartel. The government contends that Mr. Diaz-Arroyo waived this argument by failing to raise it before the IJ. We disagree. Mr. Diaz-Arroyo was testifying pro se, and although he could have better articulated this claim by framing his testimony as an argument that he was part of these particular social groups, he did testify that he feared that the cartel would harm him and that the cartel had previously targeted his family. Without the aid of counsel, he sufficiently raised these arguments for this court to review on appeal.

2

Although Mr. Diaz-Arroyo properly raised these arguments before the IJ, he cannot prevail on either theory. The Ninth Circuit has consistently rejected his first argument that a general fear of persecution by a cartel bears a nexus to a protected ground. *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010). And Mr. Diaz-Arroyo cannot show a nexus between the alleged persecution and membership in his family because the record does not contain any evidence showing that either his nephew's or his brother's membership in the family was one central reason, or even a reason that the Jalisco Nuevo Generacion cartel killed them. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890-91 (9th Cir. 2021). Additionally, the fact that his mother, two sisters, and brother continue to live in his hometown unharmed by the cartel undermines his claim of future persecution based on familial relationship. *Id*. Because Mr. Diaz-Arroyo failed to establish a nexus between his fear of persecution and his proposed protected social group, we uphold the denial of his asylum and withholding of removal claims.

Mr. Diaz-Arroyo also contends that he qualifies for protection under the CAT because government officials in Mexico acquiesce to violence perpetrated by cartels against Mexican citizens. His generalized evidence does not demonstrate, however, that he personally is more likely than not to be tortured if removed, and it therefore is insufficient to merit CAT relief. *See Delgado-Ortiz*, 600 F.3d at 1152.

3

The motion to take judicial notice is granted.

The temporary stay of removal remains in effect until the mandate issues.

The motion for stay of removal is otherwise denied.

The petition is **DENIED** in part and **DISMISSED** in part.