**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS ALBERTO JIMENEZ-
GUARDADO,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   17-71185

Agency No. A202-143-779

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2022[**]
Pasadena, California

Before: TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

Carlos Alberto Jimenez-Guardado, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals (BIA),

dismissing his appeal of a decision of the Immigration Judge (IJ), who denied his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Jimenez-Guardado contends he is eligible for relief based on his membership in the proposed social group of people who report or otherwise oppose gang members. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.	The BIA did not err in concluding that Jimenez-Guardado failed to establish eligibility for asylum or withholding of removal based on his membership in a particular social group. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) ("Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012))); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) ("Whether a group constitutes a 'particular social group' . . . is a question of law that we review de novo."); *see also Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (explaining that an asylum applicant must establish persecution based on a protected ground, which includes membership in a particular social group); *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal . . . .").

Although Jimenez-Guardado provided evidence that the gang targeted him for recruitment because his uncle was in a gang, the evidence nonetheless established that the basis for the gang's attack was his refusal to join the gang, which we have held is not a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (rejecting the argument that young men in Guatemala who are targeted for gang recruitment, but refuse to join, are a particular social group for asylum purposes); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence" did not qualify as a particular social group), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Jimenez-Guardado's contention that he was persecuted on account of a political opinion was not raised before the agency, so we do not address it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that 8 U.S.C. § 1252(d)(1) "mandates exhaustion and therefore generally bars us, for lack of subject matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below").

2. The agency's determination that Jimenez-Guardado failed to establish eligibility for CAT relief is supported by substantial evidence. Because Jimenez-Guardado was unable to provide identifying information about his attackers, the

3

police's failure to arrest his attackers does not establish that they would acquiesce in any torture. He thus failed to establish that it is more likely than not that he would be subject to harm amounting to torture by, or with the acquiescence of, a government official, if removed to El Salvador. *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021).

The petition for review is **DENIED.**