NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT PABLO CARRILLO, AKA Vincent Pablo Carrillo, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   18-72811 Agency No. A205-714-031 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2023**
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Vincent Pablo Carrillo, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge (IJ) denying his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's conclusion that Carrillo failed to show the required nexus between the harm he suffered in Guatemala and a protected ground. 8 U.S.C. § 1252(b)(4)(B); *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021). To secure withholding of removal, Carrillo must demonstrate his life would be threatened in his country of origin "because of . . . membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019). Carrillo asserts membership in a particular social group of "family members who actively oppose gang membership and tactics against them," citing *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014). Carrillo argues that because he opposed gang members, "he warrants protection." As the BIA noted, Carrillo's opposition to gangs was not as visible as that in *Pirir-Boc*, and Carrillo fails to adequately demonstrate that his proposed social group is cognizable. Because Carrillo fails to demonstrate the harms he suffered were on account of his membership in a particular social group, substantial evidence supports the agency's conclusion that Carrillo has not established eligibility for withholding of removal.

2. Similarly, substantial evidence supports the agency's conclusion that Carrillo is ineligible for relief under CAT. Carrillo fails to offer anything more

than speculation that he will be tortured if he is returned to Guatemala, and thus fails to meet his burden to establish relief under CAT. *See, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

**PETITION DENIED.**