NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Everilda Tomas-Jacinto; Flavio Grimaldo Lopez-Tomas; Wilfredo Valdemar Lopez-Tomas; Janet Consuelo Lopez-Tomas; Cristian Vladimir Lopez-Tomas,<br><br>Petitioners,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-1156<br><br>Agency Nos.  A209-761-841<br>A209-761-842<br>A209-761-843<br>A209-761-844<br>A209-761-845<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: GILMAN,[***] FORREST, and H.A. THOMAS, Circuit Judges.

Everilda Tomas-Jacinto, a native and citizen of Guatemala, and her

derivative beneficiaries (four of her six children) petition for review of an order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

by the Board of Immigration Appeals (BIA) dismissing their appeal from an order of an immigration judge (IJ) that denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Questions of law are reviewed de novo.  *See Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021).  Factual findings are reviewed under the substantial-evidence standard, meaning that "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

The IJ found that Tomas-Jacinto was not a credible witness, but ultimately denied her claims on the merits even assuming that she was credible. Her appeal was reviewed and dismissed by the BIA.  "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions."  *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).  Because the BIA incorporated the decision of the IJ, we refer to the entities collectively as "the agency" below.

---

[1] Tomas-Jacinto's children are derivative beneficiaries only of her asylum claim. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013) ("The withholding of removal statute makes no . . . allowance for derivative beneficiaries."); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (recognizing there is no derivative relief under CAT). Thus, for simplicity we refer only to Tomas-Jacinto.

1. The agency found that Tomas-Jacinto failed to demonstrate a well-founded fear of persecution because she did not establish that she was unable to internally relocate within Guatemala to avoid the alleged persecution. This is a dispositive finding for both asylum and withholding. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) ("The asylum regulation makes asylum unavailable if '[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and[,] under all the circumstances, it would be reasonable to expect the applicant to do so.' The regulation governing withholding of removal contains similar text." (first alteration in original) (citing 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B)).

Tomas-Jacinto has forfeited review of the asylum and withholding claims because she did not address this dispositive issue with any specificity in her opening brief. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). There is only a single, fleeting reference in the summary of argument to Tomas-Jacinto's inability to relocate, with no mention of it elsewhere. Thus, we are left with no choice but to deny the petition to review the asylum and withholding claims.

2. Even if Tomas-Jacinto had not forfeited the dispositive issue of internal relocation, the asylum and withholding claims would still fail because substantial evidence supports the agency's determination that her proposed particular social group (PSG) is not socially distinct. *See Conde Quevedo v.*

3                                                                                                  21-1156

*Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (noting that the agency's "conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence"). This issue is also dispositive for both the asylum and withholding claims. *See Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (citing 8 U.S.C. § 1231(b)(3)(A)); *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014) (citing 8 U.S.C. § 1101(a)(42)(A)).

Tomas-Jacinto defines her proposed PSG as an "indigenous family unit with three or more male children." The agency specifically took issue with the reference to "three or more" male children, finding there was no evidence that Guatemalan society meaningfully distinguishes between an indigenous family with three or more male children and an indigenous family with fewer than three male children. Moreover, there is nothing in the record that provides a meaningful distinction between the two groups. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) ("Social distinction requires 'those with a common immutable characteristic [to be] set apart, or distinct, from other persons within the society in some significant way.' Specifically, social distinction requires 'evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group.'" (citations omitted)); *see also Diaz-Torres v. Barr*, 963 F.3d 976, 980–81 (9th Cir. 2020) (finding that the petitioner had not carried his burden to show that Mexican society views "Mexican professionals who refuse to cooperate

4                                                              21-1156

with cartels" as socially distinct). Because Tomas-Jacinto presented no evidence of social distinction, a reasonable adjudicator would not be compelled to conclude that her proposed PSG is socially distinct.

3. Substantial evidence also supports the agency's denial of relief under the CAT. "There is no indication that the IJ or BIA did not consider all the evidence . . . [and] no indication of misstating the record or of the IJ failing to mention critical evidence." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) (citations omitted). In denying the CAT claim, the agency considered Tomas-Jacinto's past harm, the amount of time she was able to stay in Guatemala without harm (even after threats from gang members began), the lack of evidence that the gang members would even be interested in her should she return to Guatemala, the fact that she could relocate safely to other regions of Guatemala, and the evidence of country conditions. Under these circumstances, the record does not compel the conclusion that it is more likely than not that Tomas-Jacinto would be tortured by or with the acquiescence of the government if returned to Guatemala. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022).

**PETITION DENIED.**