**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Efren Robert Cardona-Perez, | No. 21-412 |
| Petitioner, | Agency No.     A206-407-028 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023**
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Petitioner Efren Robert Cardona-Perez, native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals ("BIA") order

upholding an Immigration Judge's ("IJ") denial of Cardona-Perez's application

for asylum, withholding of removal, cancellation of removal for non-permanent

residents, and Convention Against Torture ("CAT") relief.  We review *de novo*

the BIA's determinations on questions of law and mixed questions of law and

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

fact.  *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013).  The BIA's factual findings are reviewed for substantial evidence.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  To the extent that we have jurisdiction, it is under  8 U.S.C. § 1252.  We dismiss the petition in part and deny the petition in part.

## I.

The BIA did not err in denying Cardona-Perez's asylum application for being untimely.  An asylum applicant must file for asylum within one year of the applicant's arrival in the United States.  8 U.S.C. § 1158(a)(2)(B).  "A late asylum application may be entertained if the applicant shows 'changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application.'"  *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022) (quoting 8 U.S.C. § 1158(a)(2)(D)).

Substantial evidence supports the BIA's determination that changed circumstances do not excuse Cardona-Perez's fifteen-year delay in filing for asylum.  Although Cardona-Perez provided evidence of Guatemala's circumstances in 2016, Cardona-Perez failed to present any evidence of the circumstances in Guatemala in 2002.  Therefore, the evidence presented did not show a change in circumstances between 2002, when Cardona-Perez arrived in the United States, and 2017, when Cardona-Perez applied for asylum.

## II.

"To secure withholding of removal, a petitioner must demonstrate that his 'life . . . would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (quoting 8 U.S.C. § 1231(b)(3)(A)). Substantial evidence supports the BIA's finding that Cardona-Perez failed to establish that his life would be threatened if he returned to Guatemala. Cardona-Perez did not show past persecution in Guatemala and failed to show how the Guatemalan gang's "vague threats" amount to a "clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[D]esire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

## III.

With respect to Cardona-Perez's application for cancellation of removal, the BIA denied Cardona-Perez's application on various grounds, including as a matter of overall discretion. We lack jurisdiction to review the BIA's discretionary denial of cancellation of removal absent a colorable constitutional or legal question. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Here, Cardona-Perez raises no challenge to the BIA's discretionary denial of his application for cancellation of removal. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not

raised by a party in its opening brief are deemed waived.").  We thus lack jurisdiction to consider Cardona-Perez's challenge to that aspect of the BIA's decision.  Because this is dispositive of Cardona-Perez's application for cancellation of removal, we need not reach the BIA's alternative bases for its denial of his application for cancellation of removal.

IV.

Substantial evidence supports the BIA's denial of Cardona-Perez's request for CAT relief because Cardona-Perez's reference to general government corruption and violence failed to demonstrate "a particularized threat of torture."  *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quotation omitted); *see also Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) ("Although the reports confirm that torture takes place in Yemen, they do not compel the conclusion that Almaghzar would be tortured if returned.").  Importantly, the record lacks any evidence showing that Cardona-Perez would likely be tortured if he returned to Guatemala.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**