**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ARMANDO OSORIO-GUTIERREZ, | No. 22-244 |
| Petitioner, | Agency No. A095-730-180 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023**
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Luis Armando Osorio-Gutierrez petitions for review of the Board of

Immigration Appeals' ("BIA") decision dismissing his appeal of the

Immigration Judge's ("IJ") denial of Osorio-Gutierrez's applications for

withholding of removal and relief under the Convention Against Torture

("CAT"). Osorio-Gutierrez also appeals the BIA's denial of his motion to

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

terminate proceedings for alleged deficiency of a Notice to Appear ("NTA"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law de novo and the agency's factual findings for substantial evidence. *See Vilchez v. Holder*, 682 F.3d 1195, 1198–99 (9th Cir. 2012).

1. Osorio-Gutierrez first argues that his NTA was deficient because it lacked the date, time, and location of the hearing, which deprived the IJ of jurisdiction. That argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

2. Substantial evidence supports the IJ's denial of withholding of removal. "To secure withholding of removal, a petitioner must demonstrate that his 'life . . . would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (as amended) (quoting 8 U.S.C. § 1231(b)(3)(A)). Assuming that Osorio-Gutierrez did not waive any arguments regarding the cognizability of his proposed social groups,[1] "Guatemalans who are victims of gang violence" is not a cognizable social group. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding that "victimiz[ation] [] for economic and personal reasons" does not constitute a

---

[1] The government's argument that Osorio-Gutierrez's alleged failure to exhaust deprives this court of jurisdiction is foreclosed by *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).

cognizable particular social group). Although the social group "landowner" may form the basis of a particular social group, *see Cordoba v. Holder*, 726 F.3d 1106, 1114–15 (9th Cir. 2013), as the IJ noted, "[r]espondent has not submitted any evidence to show that he actually owns the land his business operates on . . ." Nor has Osorio-Gutierrez shown that he is a member of the group "individuals taking concrete steps to oppose gangs" because filing a police report does not rise to the level of public action that membership in the group requires. *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (BIA 2021). Thus, the record does not compel the conclusion that Osorio-Gutierrez established membership in a cognizable social group.

3. Substantial evidence supports the BIA's denial of Osorio-Gutierrez's CAT claim. "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). To meet that standard, the applicant must "demonstrate 'a chance greater than fifty percent that he will be tortured' if removed to" Guatemala. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). Additionally, the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1) (2002)) (emphasis and internal quotation marks omitted). Although gang members beat Osorio-

3

Gutierrez twice, the record here does not compel the conclusion that Osorio-Gutierrez, if returned to Guatemala, will more likely than not be tortured with the government's acquiescence.

**PETITION DENIED.**