**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFREDO RUIZ MENDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 17-70983

Agency No. A205-023-255

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Petitioner Alfredo Ruiz Mendez ("Mendez") petitions for review of the

Board of Immigration Appeals's ("BIA") dismissal of his appeal from an

Immigration Judge's ("IJ") denial of his applications for withholding of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT").  In Mexico, Mendez was involved in one physical altercation with his uncle, who did not contact or look for him again after the incident.  Mendez fears that, if he returns to Mexico, cartels will try to recruit him, extort him, and kill him if he does not cooperate.

The IJ denied Mendez's applications for withholding of removal and protection under CAT, but granted his application for voluntary departure.  Mendez based his application for withholding of removal on three proposed particular social groups ("PSG"): (1) his immediate family; (2) "young males between 18–40 years of age . . . living in a gang-controlled neighborhood, who oppose gang practices"; and (3) young "male deportees from the United States."  As to the first, the IJ held that Mendez had not established nexus because there was no "pattern in which the family is being targeted because of their membership in this specific family."  As to the second and third proposed groups, the IJ found both PSGs not cognizable.  Further, the IJ found that, "even if the localized risk of persecution was established to be on account of one or more of the protected grounds and at the more likely than not level," Mendez's applications failed nonetheless because he did not establish that he could not reasonably relocate within Mexico.

2

The BIA dismissed Mendez's appeal. It affirmed each of the IJ's findings, including the finding that Mendez could reasonably relocate within Mexico.

We have jurisdiction to review Mendez's petition for review under 8 U.S.C. § 1252(a)(1). We review agency factual findings for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

"To secure withholding of removal, a petitioner must demonstrate that his 'life . . . would be threatened in [his country of origin] because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (second alteration in original) (quoting 8 U.S.C. § 1231(b)(3)(A)). In the withholding of removal context, this nexus standard requires only that the applicant show that "a reason," rather than "one central reason," for persecution is a protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). An applicant "cannot demonstrate that his or her life or freedom would be threatened if . . . the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(2).

Substantial evidence supports the IJ's finding that Mendez did not establish a nexus between his family membership and either past persecution or a reasonable

fear of future persecution. Mendez's personal dispute with his uncle and the random incidents of violence Mendez's immediate family members have experienced do not compel the conclusion that Mendez will be persecuted because of his family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[D]esire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

We conclude that the BIA's finding that Mendez can reasonably relocate within Mexico is supported by substantial evidence. Many of Mendez's family members continue to reside in Mexico unharmed, and Mendez has not established that he cannot avoid persecution by relocating in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situation family members living in the petitioner's home country are *not* harmed." (internal quotation marks and citation omitted)).

Substantial evidence supports the finding that Mendez has not demonstrated eligibility for relief under CAT because he has not established likelihood of future torture at the hands of either his uncle or gangs. Non-particularized, speculative testimony and evidence that gang violence is prevalent in Mexico is insufficient to compel a finding of a likelihood that Mendez will be tortured if returned to

Mexico.  *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894–95 (9th Cir. 2018); *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION DENIED.**