**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALVARO E. AVALOS GUTIERREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1985

Agency No.
A201-102-522

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Alvaro E. Avalos Gutierrez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

The record does not compel the conclusion that Avalos Gutierrez established changed or extraordinary circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4)-(5) (changed and extraordinary circumstances); *Alquijay v. Garland*, 40 F.4th 1099, 1103 (9th Cir. 2022) ("As a general rule, ignorance of the law is no excuse" (citation and internal quotation marks omitted)). Thus, Avalos Gutierrez's asylum claim fails.

As to withholding of removal, the BIA did not err in concluding that Avalos Gutierrez failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic,

(2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (particular social group of "individuals returning to Mexico from the United States who are believed to be wealthy" not cognizable). Thus, Avalos Gutierrez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Avalos Gutierrez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Avalos Gutierrez asserts ineffective assistance of counsel and that the IJ violated his right to due process, these contentions are not properly before the court because he failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**