NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURELIO MARTINEZ-SANTIAGO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-2546 Agency No. A201-596-147 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025[**]
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and TUNHEIM, Senior District Judge.[***]

Petitioner Aurelio Martinez-Santiago, a native and citizen of Mexico, timely

seeks review of a Board of Immigration Appeals' ("BIA") order dismissing his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John R. Tunheim, United States Senior District Judge for the District of Minnesota, sitting by designation.

appeal from an immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture.

Where the BIA adopts the decision of the IJ while adding its own reasoning, we review both decisions. *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. A petitioner can demonstrate a need for asylum or withholding of removal if the alleged persecution is on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(42); *id.* § 1231(b)(3)(A). Whether a group constitutes a "particular social group" under the Immigration and Nationality Act is a question of law that we review de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

Martinez-Santiago asserts that he qualifies for asylum and withholding of removal because he is a "perceived returning affluent Mexican." However, we already have determined that a group so defined does not qualify as a particular social group. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (rejecting "individuals returning to Mexico from the United States who are believed

2

to be wealthy" (cleaned up) as a particular social group for withholding of removal purposes).  The IJ and BIA did not err in rejecting Martinez-Santiago's proposed particular social group, so we deny the petition for asylum and withholding of removal.

2. The BIA affirmed the IJ's decision that Martinez-Santiago did not qualify for protection under the Convention Against Torture.  Martinez-Santiago did not challenge this decision in his petition, so the issue is waived.  *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

**PETITION DENIED.**