NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA PATINO SANTACRUZ; BRIAN ALEXIS CASTANEDA PATINO; JONATHAN ALFONSO CASTANEDA PATINO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2102

Agency Nos.
A206-713-139
A209-383-654
A209-383-745

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2025**
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Maria Esther Patino Santacruz and her two sons, Brian Alexis Castaneda

Patino and Jonathan Alfonso Castanedo Patino (collectively, Petitioners), seek

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of their applications for asylum and withholding of removal based on their failure to establish a nexus between their feared harm and a protected ground. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, "the BIA cites [*Matter of*] *Burbano* but adds its own analysis, we review factual findings by both the BIA and the [immigration judge] for substantial evidence." *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). Under this standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review "the BIA's determination of questions of law" de novo. *Route v. Garland*, 996 F.3d 968, 975 (9th Cir. 2021).

**1.** *Asylum.* To qualify for asylum, an applicant can rely on "either . . . past persecution or . . . a well-founded fear of future persecution." *Lapadat v. Bondi*, 145 F.4th 942, 951 (9th Cir. 2025). In either case, the applicant must establish that "a central reason" for the persecution was or will be a protected ground: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *see Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

Petitioners assert that they suffered past persecution and have a well-founded fear of future persecution based on extortion demands that Maria received after the protection from her niece's husband, who was the leader of the *Los Templarios Caballeros* cartel, ended when he was arrested. The agency denied asylum because it concluded that Petitioners had not shown that they suffered past persecution or a nexus between the harm feared and a protected ground. Because we agree that there was no nexus to a protected ground, it is not necessary to evaluate the finding that Petitioners did not suffer past persecution.

As Petitioners rightly note, "family [is] the quintessential particular social group," and persecution on account of one's familial ties can justify refugee status in some cases. *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). But here they have not introduced sufficient evidence to compel the conclusion that Maria *was* persecuted on account of her familial ties to her niece's husband or that her fear that she *will be* persecuted on account of those ties is well founded. The record indicates that the extortion attempts and threats occurred because Maria was a business owner—not because of her familial relationships. Accordingly, the agency did not err in denying asylum.

**2. *Withholding of Removal.*** Similarly, the agency's denial of withholding of removal is also supported by substantial evidence. To secure withholding of removal, "a petitioner must demonstrate that his 'life . . . would be threatened in that

country because of [the petitioner's] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (as amended) (quoting 8 U.S.C. § 1231(b)(3)(A)). The differences between asylum and withholding of removal do not justify a different outcome here. Just as Maria did not introduce facts sufficient to compel the conclusion that her familial relationships would be "a central reason" for the persecution that she fears, she also has not presented sufficient evidence to compel the conclusion that her familial relationships would even be *a* reason for future prosecution. *See Umana-Escobar*, 69 F.4th at 551.

**3. *Jonathan's Application.*** Finally, remand based on the BIA's failure to specifically address Jonathan's application is unwarranted. First, Jonathan's application did not require specific evaluation by the BIA because it introduced no independent basis for asylum.[1] When one applicant's claim for asylum is "derivative" of another applicant's claim, the typical practice is to evaluate them in conjunction, as "[*b*]*oth* applications stand or fall on [common questions of fact]." *Ochave v. INS*, 254 F.3d 859, 864 (9th Cir. 2001) (emphasis in original). Jonathan's application was derivative of his mother's application, so it was unnecessary for the BIA to refer to it specifically. Second, even if the omission was unwarranted,

---

[1]Under 8 U.S.C. § 1158(b)(3)(A), Jonathan and his brother are derivative beneficiaries of Maria's asylum application but not her application for withholding of removal. *Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013).

Petitioners have failed to exhaust administrative remedies on this point. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004), *abrogated on other grounds*, *Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024).

**PETITION DENIED.**