NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON MALDONADO-RODAS,<br><br>   Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>   Respondent. | No. 21-70882<br><br>Agency No.<br>A 077-440-700<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Byron Maldonado-Rodas, a citizen and native of Guatemala, seeks review of

the Board of Immigration's ("BIA") decision affirming an Immigration Judge's

("IJ") (collectively, the "Agency") denial of his applications for withholding of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions."  *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)).  "We review the BIA's legal determinations de novo" and "factual determinations for substantial evidence."  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  Eligibility for cancellation of removal is reviewed for substantial evidence. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

1.      The Agency did not err in denying Petitioner's claim for withholding of removal on the grounds that Petitioner "ha[d] not established a nexus between his fear of harm and his membership in a cognizable particular social group, or any other protected ground[.]"  Petitioner forfeited any challenge to the Agency's nexus determination by failing to "specifically and distinctly" raise it in his opening brief.  *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (citation modified).  And Petitioner's proposed particular social group of "returning Guatemalan nationals and citizens who will be perceived to have accrued wealth

while in the United States" is not cognizable because it is not sufficiently particular or socially distinct. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019).

2. With respect to cancellation of removal, substantial evidence supports the Agency's conclusion that Petitioner had not established that his removal would result in exceptional and extremely unusual hardship to his minor son under 8 U.S.C. § 1229b(b)(1)(D).[1] Contrary to Petitioner's assertions, the IJ did not fail to consider country conditions or Petitioner's purported lack of "ties to Guatemala." Moreover, Petitioner's contention that his son "would clearly be a target for the lawless, predatory gangs" is "conclusory and devoid of supporting factual detail or legal argument." *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[1] To the extent Petitioner disputes the IJ's underlying factual findings, we lack jurisdiction to review those findings. *See Wilkinson*, 601 U.S. at 225; *Gonzalez-Juarez*, 137 F.4th at 1000.

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.